IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAMED SAMEDOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| HUNTER WARFIELD, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MAMED SAMEDOV, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, HUNTER WARFIELD, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   MAMED SAMEDOV, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ballwin, County of Saint Louis, State of Missouri.

5.   The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Palm Village (hereinafter "PV").

1

6. The debt that Plaintiff allegedly owed PV was for a bill allegedly incurred by Plaintiff relative to Plaintiff's former residential apartment.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HUNTER WARFIELD, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of Florida.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. In or around February 2012, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the debt he allegedly owed.

15. Defendant's initial telephone conversation with Plaintiff, during the aforesaid time period, was Defendant's initial communication with Plaintiff relative to its attempts to collect a debt Plaintiff allegedly owed.

16. During the aforesaid time period, Plaintiff engaged in multiple conversations with Defendant.

17. On multiple occasions, during the course of the aforesaid time period, Defendant informed Plaintiff that it was calling in relation to a debt he owed to PV.

18. On multiple occasions, during the course of the aforesaid time period, Plaintiff asked Defendant who was calling to identify itself.

19. Defendant's duly authorized representatives answered Plaintiff's question by providing their individual names.

20. Defendant's duly authorized representatives then asked Plaintiff "[w]ho are you?"

21. Plaintiff then asked Defendant's duly authorized representatives to state the name of the company from which they were calling.

22. On multiple occasions, during the course of Plaintiff's telephone conversations with Defendant, Defendant's duly authorized representatives did not provide Plaintiff with information relative to Defendant's identity.

23. On multiple occasions, during the course of Plaintiff's telephone conversations with Defendant, Defendant's duly authorized representatives refused to provide Plaintiff with information relative to Defendant's identity.

24. On multiple occasions, during the course of Plaintiff's telephone conversations with Defendant, Defendant's duly authorized representatives responded to Plaintiff's question

about the name of the company from which they were calling by stating "[n]o. I told you who I was, now you answer my question."

25. Plaintiff only ascertained Defendant's identity by contacting PV, which informed Plaintiff that it had provided Defendant with the account Plaintiff allegedly owed to PV.

26. During the course of the aforesaid time period, at the time Defendant initiated the aforesaid telephone calls to Plaintiff, Plaintiff's caller identification also listed the telephone number from where Defendant's telephone calls had originated.

27. Plaintiff further ascertained the aforesaid telephone calls came from Defendant by viewing the caller identification on his telephone which showed Defendant's telephone number as the telephone number from which the aforesaid telephone calls had originated.

28. During the course of the aforesaid time period, during a telephone conversation between Plaintiff and Defendant, Defendant told Plaintiff that he owed a debt to PV as a result of damage Plaintiff had caused to his previous rental apartment.

29. At the time Plaintiff moved out of his residence no damage was caused to the apartment.

30. At the time Plaintiff moved out of his residence, a manager at the residence inspected Plaintiff's apartment.

31. At the time Plaintiff moved out of his residence, a manager at the residence found all aspects of the apartment to be in working order and found no damage to the apartment.

32. During the course of the aforesaid telephone call between Plaintiff and Defendant, Plaintiff informed Defendant that he did not owe any money for damage caused to his previous residential apartment.

4

33. Plaintiff further informed Defendant that the apartment's manager had inspected the apartment at the time Plaintiff moved out and had confirmed Plaintiff did not owe any money in relation to any damage to the apartment.

34. Plaintiff further informed Defendant that he had documentation to demonstrate that the apartment manager had inspected his apartment and determined no damage existed in the apartment.

35. Defendant responded by informing Plaintiff that he still had to pay the debt but that Plaintiff could enter into a payment arrangement with Defendant.

36. Defendant's representation to Plaintiff that he was responsible to pay for a debt relative to damages to the apartment was false, deceptive and/or misleading given that no damage was left to the Plaintiff and as a result Plaintiff was not responsible to pay for any damages.

37. Defendant's representation to Plaintiff that he was responsible to pay for a debt relative to damages to the apartment misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that no damage was left to the Plaintiff and as a result Plaintiff was not responsible to pay for any damages.

38. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

39. In its attempts to collect the debt allegedly owed by Plaintiff to PV, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

40. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MAMED SAMEDOV, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                                                                                             Respectfully submitted,
                                                                                                             **MAMED SAMEDOV**

                                                                              By:    s/ David M. Marco
                                                                                           Attorney for Plaintiff

<u>Dated: May 7, 2012</u>

David M. Marco (Atty. No.: 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithlaw.us